## Park's Appeal.

D. P. bequeathed as follows: "My sons Joseph, Owen, and Warren, shall have $500 each, out of the old farm we now live on, and $150 each, as freedom, when they come of age." *Held*, that the legacies of $500 each were payable to the legatees out of the farm as early as practicable, and that the legacies of $150 each were to be paid when the legatees, respectively, came of age.

This was an appeal by Reuben Park and others from the decree of the Orphans' Court of Bradford county; and the only question that arose in the case was, whether certain legacies charged upon the real estate of Daniel Park, deceased, in his last will and testament, were payable to the legatees immediately or not until they, respectively, attained the age of twenty-one years.

The Orphans' Court decreed, that they were payable as soon as practicable after the testator's death.

The case was submitted without argument.

The opinion of the court was delivered by KENNEDY, J.

Appeal by Reuben Park and others from the decree of the Orphans' Court, of Bradford county, directing a sale of a portion of a tract of land, late part of the estate of Daniel Park, deceased, for the purpose of paying certain legacies given by him in his last will and testament, made in his lifetime, to Owen Park and Warren Park, minor children of the testator, and charged, by his will, on said land. The clause of the will, by which the legacies are given, is in the following words: "My sons, Owen and Warren, shall have five hundred dollars each, out of the old farm we now live on; and one hundred and fifty dollars each, as freedom, when they come of age." The only question raised in this case is, whether or not the testator intended, by his will, to postpone the payment of the legacies of five hundred dollars, thus given to each of his sons, Owen and Warren, until they, respectively, should attain the age of twenty-one years. The court below were of the opinion, that the testator intended these legacies should be paid out of the farm upon which he resided, as early as practicable, and that it was only the legacies of one hundred and fifty dollars each, which

he intended, and has accordingly directed, should be paid to them, when they respectively should come of age. We are satisfied this is the true interpretation of the will, in this respect; not only grammatically, but likewise according to the plain and obvious meaning of the testator. If the testator had not intended that the five hundred dollars should be paid as soon as convenient, after his death, why did he separate the payment of the one hundred and fifty dollars from that of the five hundred dollars? No rational motive, I apprehend, can be assigned for his doing so; excepting that he wished to provide for the immediate support and education of the legatees after his death, by giving them each five hundred dollars, for that purpose, to be paid as early as reasonably practicable, after his death; and again, when they, respectively, should attain full age, and might be supposed to have sufficient discretion to appear in the world, to act for themselves, that the additional sum of one hundred and fifty dollars should be paid to each of them, to enable them to obtain an outfit suitable to the exigency of the occasion. Unless he intended this, it is perfectly plain, that it was wholly unnecessary, and calculated, in truth, to mislead, to divide what he intended to give them, into two distinct sums. Besides, it cannot be presumed or supposed, when nothing of the sort is indicated by the words of the will, that he intended his children should be cast upon the world, at his death, without the means of a subsistence, until they should attain the age of twenty-one years, as long as he had it in his power to provide, not only against their starvation, but for their education, which latter was but little less important than the first. It was, most unquestionably, his duty to make such provision, and we think that the language employed by the testator in his will, shows clearly, that he intended to discharge the duty in this respect, which he owed to the legatees as their parent, in providing for their support and education after his death.

The decree of the court below is, therefore, affirmed.